PHILADELPHIA DIVISION, PENN-
SYLVANIA TELEPHONE
GUILD, et al.,

v.

PENNSYLVANIA TELEPHONE
GUILD, et al.

Civ. A. No. 82–1639.

United States District Court,
E.D. Pennsylvania.

Sept. 30, 1983.

Richard H. Markowitz, William T. Josem, Philadelphia, Pa., for plaintiffs.

Charles E. Boyle, Campbell, Sherrard & Burk, P.C., Pittsburgh, Pa., for defendants.

## MEMORANDUM RE: PETITION FOR AN AWARD OF FEES AND EXPENSES

SHAPIRO, District Judge.

Plaintiffs, Philadelphia Division, Pennsylvania Telephone Guild, John Zawackis and

Edward Clark, by and through their attorneys, Markowitz & Richman, have petitioned the court for an award of attorneys' fees and expenses from defendants. Plaintiffs have filed their petition for counsel fees and costs pursuant to the Labor Management Reporting and Disclosure Act ("LMRDA"), § 501(b), 29 U.S.C. § 501(b), and set forth the following grounds therefor:

1. The instant complaint was filed on April 13, 1982.

2. The complaint alleged violations of Titles I and V of the LMRDA and Section 301 of the Labor Management Relations Act.

3. On April 15, 1982, a preliminary injunction hearing was held on this matter and on November 18, 1982 a final hearing was held. In the interim, the parties engaged in discovery.

4. On April 15, 1982, December 20, 1982, and January 5, 1983, the court issued Orders in the case. On December 20, 1982, the court rendered its Opinion in this matter.

5. The court held, *inter alia*, that defendants had violated their fiduciary responsibilities under Title V of the LMRDA. The court ordered that a referendum be conducted among the membership of the Pennsylvania Telephone Guild at which time the membership of the Guild would be entitled to vote either for a proposal submitted by District 38 of the Guild, a proposal submitted by the Executive Council of the Guild, or against both proposals. After a mail ballot held in accordance with the court's Orders of January 5, February 10 and February 24, 1983, neither proposal carried by the requisite majority of the membership.

6. As a result of the Opinion and Orders of this court, in providing an opportunity for the membership to vote on its proposal, plaintiffs were prevailing parties in this matter but only in part.

The court's Order prevented a vote only on the Executive Council proposed constitutional amendment affiliating the Guild with the Telecommunications International Union ("TIU") but permitted the membership to vote on that proposal together with a constitutional amendment proposed by plaintiffs that would have affiliated the Guild with the Federation of Telephone Workers of Pennsylvania ("FTWP"). Plaintiffs had opposed a vote on the Executive Council proposal and contended the plaintiffs' proposal required only a favorable majority of those voting. But the court held that each of these proposals, if adopted, would have affected the affiliation Article (XII) as well as other provisions of the present constitution and that, in order for either proposal to be adopted, it had to receive an affirmative vote of a majority of the entire membership not just a majority of those voting.

The court also held that the Executive Council members breached their fiduciary duty as union officials and violated the Guild Constitution because they did not submit the District 38 petition to a vote of the membership before or at the same time as the Executive Council's proposed TIU affiliation amendment. Although the court agreed with the defendants that any affiliation proposal required a majority vote of the entire membership, it held that neither this reason nor any other reason given by the Executive Council members justified a refusal to submit the District 38 amendment proposal to the membership for vote.

7. Section 501(b) of the LMRDA, 29 U.S.C. § 501(b), states that the trial judge "may allot a reasonable part of the recovery in any action under this subsection to pay the fees of counsel." The use of the word "may" indicates the granting of attorneys' fees is not mandatory or automatic and that the trial judge may, in her discretion, award them or not award them or award some portion of them. Under Section 501(b), an Award of Fees and Expenses is justified where the results of an action under Title V of the LMRDA have conferred a substantial benefit on the membership of the union.

■ 8. By procuring an Order that the membership of the Guild was entitled to vote on the various proposals involved in this case, after being fully informed as to each by means of the Guild publication, the "Dial Tone," and ensuring the right of members to express their views through an independent mailing service, plaintiffs have ensured that the membership of the Guild will be able to determine the direction their union will take and thus have conferred a substantial benefit on the membership of the Guild.

■ 9. In *Hughes v. Repko*, 578 F.2d 483 (3d Cir.1978), the Court of Appeals held that in order to determine the "prevailing party" the district court should analyze results obtained by the petitioning party in particular claims; in the present context the prevailing party on a particular claim is one who essentially succeeded on such claim. In calculating the fee in connection with successful claims, the district court will award attorneys' fees only for hours of legal service expended on such successful claims or reasonably related to and supportive of them.

■ 10. The district court must determine the amount of a reasonable fee by multiplying the number of hours reasonably expended by a reasonable hourly rate. The party seeking an award of fees must submit evidence supporting the hours worked and rates claimed and should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. The district court must exclude from its initial fee calculation the hours that were not "reasonably expended." Other considerations may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." *Hensley v. Eckerhart*, —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

■ 11. A district court may award attorneys' fees and costs to union members who file an action to redress their rights under Title 1 of the LMRDA, 29 U.S.C. §§ 401–531. *Pawlak v. Greenawalt, et al.*, 713 F.2d 972 (3d Cir.1983). Although Title 1 of the LMRDA contains no provision for an award of attorneys' fees, the Supreme Court recognized in *Hall v. Cole*, 412 U.S. 1, 7–9, 93 S.Ct. 1943, 1947–1948, 36 L.Ed.2d 702 (1973), that reimbursement of the successful plaintiff's attorney's fees in an action to vindicate rights under Title 1 of the LMRDA is authorized under the common benefit doctrine affirmed in *Mills v. Electric Auto-Lite*, 396 U.S. 375, 393–97, 90 S.Ct. 616, 626–28, 24 L.Ed.2d 593 (1970).

The Court explained how LMRDA cases could come within the common benefit doctrine. Noting that Title I of LMDRA [sic] 'was specifically designed to promote the "full and active participation by the rank and file in the affairs of the union,"' *Hall v. Cole*, 412 U.S. at 7–8 [93 S.Ct. at 1947–1948], *quoting American Federation of Musicians of the United States and Canada v. Wittstein*, 379 U.S. 171, 182–83 [85 S.Ct. 300, 306–07, 13 L.Ed.2d 214] (1964), the Court concluded that a member's vindication of his own right of participation in union affairs 'necessarily rendered a substantial service to his union as an institution and to all its members.' *Hall v. Cole*, 412 U.S. at 8 [93 S.Ct. at 1948]. The Court also explained that the award of attorneys' fees would be paid out of the union treasury and thus shifted the cost of the litigation to the class benefited by it. The Court held, therefore, 'that an award of counsel fees to a successful plaintiff in an action under § 102 of the LMRDA falls squarely within the traditional equitable power of federal courts to award such fees....." *Id.* 412 U.S. at 9, 93 S.Ct. at 1948.

*Pawlak, supra* at 975.

■ 12. Defendants' oppose the award of attorneys' fees on two grounds. The first contention is that § 501 of the LMRDA does not countenance an award of fees where there has been no misuse of funds or wilful violation of the union's constitution by the defendants. This was rejected by the Court of Appeals in *Pawlak, supra*, which holds an award proper where

plaintiff's successful litigation confers a substantial benefit on the members; the court's jurisdiction over the subject matter makes possible an award that will operate to spread the costs to the class benefited thereby. The second contention is that the FTWP is the real plaintiff and defendants should not be forced to pay fees of the FTWP.

13. At oral argument on the petition the court required additional information as to compensation received for this matter from the FTWP for attorneys fees (including the hourly rate on which time was billed and the number of hours billed) and the expenses for which reimbursement was billed (their nature and the amount billed).

14. All of the legal work on behalf of plaintiffs in this matter was performed by the law firm of Markowitz & Richman. Two attorneys from that firm, Richard H. Markowitz and William T. Josem, performed services on behalf of plaintiffs.

15. Attached to their petition was an Affidavit of Richard H. Markowitz. In that affidavit, Mr. Markowitz sets forth the hours spent by himself and by Mr. Josem on this matter. That affidavit reflects that Mr. Markowitz spent a total of 59 hours on this matter and that Mr. Josem spent a total of 166 hours on this matter. That affidavit further reflects that plaintiffs seek an award of $125 per hour for the services performed by Mr. Markowitz and $75 per hour for the services performed by Mr. Josem.

■ 16. The court finds all the hours incurred by Messrs. Markowitz and Josem were adequately documented and reasonably necessary to the prosecution of this action except as follows:

| | | |
|---|---|---|
| 11/18/82 | – | 5½ hours[1] |
| 12/20/82 | – | 3½ hours[1] |
| 12/29/82 | – | 2½ hours[1] |
| 1/04/83 | – | 1½ hours[1] |
| TOTAL | | 13 hours |

Therefore, the total hours reasonably expended were as follows:

| | | |
|---|---|---|
| RHM | – | 59 hours |
| WTJ | – | 153 hours |

This includes hours expended in the preparation of the petition for attorneys' fees and expenses in this non-statutory common benefit action. In actions to vindicate class rights conferred by Title 1 of the LMRDA, the district court may award attorneys' fees for time spent litigating the fee application. *Pawlak, supra* at p. 981.

■ 17. Plaintiffs seek an award of $125 per hour for the services performed by Mr. Markowitz and $75 per hour for the services performed by Mr. Josem. Mr. Markowitz is a senior partner in the law firm of Markowitz & Richman in Philadelphia, a member of the Bars of the Commonwealth of Pennsylvania and the State of New York, and a graduate of the Harvard Law School who has practiced in the specialized field of labor law for over 30 years and has achieved a deserved reputation for expertise in labor law in this community and elsewhere.

William T. Josem is a member of the Bar of the Commonwealth of Pennsylvania and has been a member of the Bar since 1980. Prior to his attending law school, Mr. Josem was employed by the National Labor Relations Board for approximately two years. He is a *magna cum laude* graduate of the Georgetown University Law Center where he was an editor of the *Georgetown Law Journal.* Mr. Josem also specializes in the practice of labor law and has been involved in numerous cases arising under the LMRDA.

18. The requested hourly rates for Messrs. Markowitz and Josem of $125 and $75 per hour respectively are reasonable rates for attorneys similarly situated geographically in terms of experience, education and quality of work performed. Therefore, the lodestar figure for fees to be awarded totals $18,850, calculated as follows:

| | | | |
|---|---|---|---|
| RHM | – 59 hours X $125 (rate per hour) | = | $ 7,375 |
| WTJ | – 153 hours X 75 (rate per hour) | = | 11,475 |
| TOTAL | | | $18,850 |

**1.** Two attorneys where one would have been sufficient.

19. The court has considered that the FTWP was billed for legal services in this matter in the amount of $15,880, and that the firm billed these services to FTWP at a reduced hourly rate of $100 (RHM) and $60 (WTJ). However, the firm's arrangement with the FTWP includes an annual retainer which covers many services performed for the FTWP, such as arbitration hearings, consultation and advice, etc. The retainer is also intended to compensate the law firm in part for litigation and NLRB cases, but these are also separately billed to the FTWP. When billing for such matters, the firm charges a reduced hourly rate to the FTWP because some of the time involved is covered by their legal retainer.

20. Plaintiffs are not precluded from recovering a fee award because they will not otherwise be liable to their attorneys or because the FTWP has already paid the plaintiffs' counsel the amount billed to them. Defendants misconceive the common benefit theory on which plaintiffs are entitled to an award of fees. As explained by the Supreme Court in *Hall, supra,* and the Court of Appeals for the Third Circuit, fee shifting in this action to vindicate statutory rights bestows a common benefit and it is equitable for the fees and expenses to be paid from the common treasury and shared by all of those who have in fact gained that benefit, that is the union members who gained protection for their right to choose or reject alternative constitutional proposals in a fair and democratic manner with provision for fair dissemination of views. Just as whether either proposal received sufficient votes to pass was irrelevant to whether a benefit was conferred so is whether the outcome of the vote would have conferred an incidental benefit to another or that the other was willing to pay plaintiffs' counsel whether or not plaintiffs ultimately prevailed. The benefit was conferred by union member plaintiffs on the union membership by enforcing the right to vote on the proposals of the Philadelphia Division; the results of the vote and the interest of others in those results simply do not preclude an award of attorneys' fees.

21. The itemized expenses incurred by plaintiffs in the amount of $1,757 were reasonably incurred in connection with the litigation and billed in accordance with the attorneys' practice with regard to other clients.

22. The lodestar amount of $18,850 should not be increased. While the work performed by plaintiffs' counsel was of high quality with regard to both factual and legal issues, the result obtained does not warrant upward adjustment of the fee award. Plaintiffs contended not only that they had a right to have a vote on the affiliation amendment they had proposed before or together with an alternative proposal but that their proposal needed only a majority vote to carry. The court held that for either proposal to be adopted, an affirmative vote of the entire membership not only of those voting was required. This contention of plaintiffs which was erroneous and rejected by the court prolonged and complicated the litigation. The fee petition of plaintiffs' counsel does not distinguish between time expended on one or the other aspects of the case and indeed it may be impossible to do so.[2]

The Court of Appeals has rejected simple allocation of liability for attorneys' fees as a percentage among claims. *Hughes, supra.* Recognizing that there is no necessary relationship between the number of claims and contentions presented in a lawsuit and the lawyer time spent on each, the court is not able to allocate time spent on

---

**2.** We recognize that there is no certain method of determining when claims are 'related' or 'unrelated.' Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures. See *Nadeau v. Helgemoe,* 581 F.2d 275, 279 (CA1 1978) ('As for the future, we would not view with sympathy any claim that a district court abused its discretion in awarding unreasonably low attorney's fees in a suit in which plaintiffs were only partially successful if counsel's records do not provide a proper basis for determining how much time was spent on particular claims.'). *Hensley, supra,* —— U.S. at ——, 103 S.Ct. at 1941, n. 12, 76 L.Ed.2d at 53, n. 12.

**320**

successful versus unsuccessful claims. This is not a case where one defendant will be required to compensate plaintiffs for hours devoted to the case against other defendants since the amount of time devoted to the case against individual defendants dismissed was insubstantial. This award is against only the defendant union for time, all of which was reasonable, expended in vindicating rights of union members. Therefore, bearing in mind the mandate of the Supreme Court in *Hensley* to consider the relationship between the amount of the fee awarded and the results obtained as paramount, the court deems all plaintiffs' claims sufficiently related to award the lodestar without adjustment for either the exceptional or limited nature of the relief obtained. Therefore, the court awards as counsel fees the amount of $18,850 plus expenses in the amount of $1,757.